The issue presented for our review is as follows: May the local rule of Criminal District Court take precedence over Code of Criminal Procedure Article 701. Specifically, the defendant was arrested on August 6, 1982 and charged with first degree murder. On August 12th and 30th, a preliminary hearing took place wherein the magistrate found probable cause to hold defendant. Local rule 19 of the Criminal District Court provides:
“If, after a finding of probable cause, no action is taken by the District Attorney within three days, the defendant shall be released on his own recognizance, reserving the right of the District Attorney to file a Bill of Information. (This applies only to non-capital cases.) The same rule shall apply in capital cases and cases calling for a sentence of life imprisonment except that after the finding of probable cause by the Magistrate, the District Attorney has ten days to present the case to the Grand Jury. If this is not done then the defendant shall be released on his own recognizance, reserving to the District Attorney the right to present the matter to the Grand Jury.”
*700 That provision is in direct conflict with Article 701 of the Code of Criminal Procedure, which provides in part:
“Art. 701. Right to a speedy trial
A. The state and the defendant have the right to a speedy trial.
B. The time period for filing of a bill of information or indictment after arrest shall be as follows:
1.When the defendant is continued in custody subsequent to an arrest, an indictment or information shall be filed within forty five days of the arrest if the defendant is being held for a misdemeanor and within sixty days of the arrest if the defendant is being held for a felony.”
After finding probable cause, the magistrate ordered defendant released on September 10th since the matter was not presented to the Orleans Parish Grand Jury. The State contends this was error in that Code of Criminal Procedure Article 701 allows the State sixty days to file an indictment. We agree. The local rules of Criminal District Court cannot take precedence over the expressed will of the Legislature. We therefore vacate the order of the magistrate dated September 10,1982 and remand for further proceedings not inconsistent herewith.